**LOCAL 660, INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, an unincorporated labor organization, et al., Plaintiffs,**

v.

**CITY OF CHARLOTTE, a municipal corporation, et al., Defendants.**

**No. C-C-73-236.**

United States District Court,
W. D. North Carolina,
Charlotte Division.

Sept. 5, 1974.

Jonathan P. Wallas and J. LeVonne Chambers, Chambers, Stein, Ferguson & Lanning, Charlotte, N. C., for plaintiffs.

W. A. Watts, Charlotte, N. C., for defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

McMILLAN, District Judge.

### INTRODUCTION

A hearing was conducted on July 8, 1974, to consider all pending matters,

---

including the defendants' motions to dismiss, the defendants' motion for summary judgment, and the plaintiffs' motion for summary judgment.

Based upon the pleadings, affidavits, discovery materials, and arguments of counsel, the court makes findings of fact and conclusions of law and renders the following order:

## FINDINGS OF FACT

1. (a) Plaintiffs R. L. Middleton, W. M. Brawley, D. F. Black, M. L. Knight, and R. D. McCall, are all members and officers of Local 660, International Association of Fire Fighters, and members of the Charlotte Fire Department. The individual plaintiffs brought this action to require the defendants to withhold moneys from their paychecks for the benefit of their association, Local 660, so long as the defendants continue to withhold moneys from employees' checks for other purposes and organizations. The plaintiffs contend that the refusal of the defendants to withhold moneys (or dues) as so requested has made it impossible for them and their association to obtain certain lawful benefits (e. g., insurance benefits), and has made it difficult for them to provide other lawful benefits (e. g., the assistance of counsel). The defendants do not dispute that their action has this effect upon plaintiffs.

(b) Plaintiff, Local 660, International Association of Fire Fighters, is an unincorporated labor organization. Some 351 of the 543 uniformed employees of the Charlotte Fire Department, including the individual plaintiffs, are members of Local 660. Since 1970, a majority of the uniformed firemen in Charlotte have been members of Local 660, which was formed, among other things, to enable its members to join together to work for all lawful mutually beneficial purposes, including the purchasing of insurance on a favorable "group" basis, and the retention of legal counsel. Membership in Local 660 is presumptively open to all Charlotte firemen.

2. The defendant, City of Charlotte, is a municipal corporation of the State of North Carolina charged by state law with general supervision of the Fire Department of the City of Charlotte, North Carolina, including the establishment of wages and salaries, rates of pay, hours of employment, and various rules and regulations.

3. The defendant, Charlotte City Council, is a governing body whose members are charged under North Carolina law with the establishing of rules and regulations and policies for the operation of the various departments and agencies of the City of Charlotte, including the Charlotte Fire Department.

4. The individually named defendants are all duly elected or appointed members of the Charlotte City Council. They are sued in their capacity as members of the City Council and in their individual capacities.

5. Since 1970, the plaintiffs as an organization and as individual members of Local 660, have requested the defendants to check off their union dues. This request has been denied each year. The present monthly dues of Local 660 are $4.00.

6. The defendants presently, upon request, withhold or "check off" moneys from the paychecks of City employees to be paid to various charities, government subdivisions, private insurance companies, and other beneficiaries. The moneys thus checked off are delivered directly to various organizations or entities for the following purposes:

(a) Federal Income Tax

(b) State Income Tax

(c) North Carolina Firemen Retirement

(d) North Carolina Local Government Retirement System

(e) Medical Insurance (Life of Virginia)

(f) Life Insurance (Life of Virginia)

(g) United States Savings Bonds

(h) United Way (Mecklenburg and Union Counties)

(i) Firemen Benefit Fund (Lincoln National Life)

(j) Charlotte Fire Department Credit Union

(k) Aetna Deferred Compensation Program

(l) Charlotte Fire Department Voluntary Pledge Fund

(m) City-County Tax Levy

(n) State Tax Levy

7. Defendants have not denied any requests for payroll deductions from any persons or organizations in the Fire Department within the past ten years except the plaintiffs' requests. No written standards or guidelines exist to determine when City employees may have moneys deducted from their paychecks. The defendants' practice has been to allow check offs from employees' pay to organizations or programs as required by law or where the check off option is available to all City employees or where the check off option is available to all employees within a single employee unit such as the Fire Department. Defendants have not allowed check off options serving only single employees or programs which are not available either to all City employees or to all employees engaged in a particular section of City employment.

8. The plaintiffs have recently conducted negotiations to obtain a group life insurance plan for the membership of Local 660. Two life insurance companies (Jefferson Standard Life Insurance Company and Vulcan Life Insurance Company) have informed the plaintiffs that in order for the membership of Local 660 to be eligible for a group life insurance plan it would be necessary for the plaintiffs to obtain dues check off from the City of Charlotte.

9. The refusal of the defendants to withhold the dues of the individual plaintiffs herein and other members of Local 660 prevents the plaintiffs and other Fire Department employees from associating together for the purpose of obtaining group life insurance and substantially hinders plaintiffs and other Fire Department employees from associating together for the purpose of engaging legal counsel to promote their mutual interests.

10. The City's payroll deduction procedure is computerized. Individual employees are routinely given a computer card appropriate for a particular deduction. They sign the cards which are returned to the general office for processing. Withholding union dues from the wages of individual firemen would be no more difficult than processing the deductions for any of the presently existing programs for which payroll deductions are made.

11. The defendants have suggested no compelling state interest in refusing to withhold moneys for the benefit of Local 660 when requested to do so by individually named plaintiffs, nor any rational basis for the refusal.

12. Under the circumstances, the defendants' refusal to withhold the moneys requested from the paychecks of the individual Charlotte firemen is an arbitrary and standardless infringement of the individual plaintiffs' rights to equal protection of laws, so long as defendants make payroll deductions for other purposes.

### CONCLUSIONS OF LAW

1. Although plaintiffs have no right *per se* to have moneys withheld from their paychecks for the benefit of Local 660, nevertheless, once the defendants offer the benefits of withholding to certain organizations and entities the defendants, under the Fourteenth Amendment, must administer such a withholding program in a fair and equitable manner. Griffin v. School Board of Prince Edward County, 377 U.S. 218, 84 S.Ct. 1226, 12 L.Ed.2d 256 (1964).

2. There is no difference in the state interests involved in the various payroll deductions which justifies the discriminatory withholding policy. The refusal of the defendants to withhold or check off moneys when requested to do so by the individual plaintiffs for the benefit of Local 660 constitutes a violation of the individual plaintiffs' rights to equal pro-

tection of laws under the Fourteenth Amendment to the Constitution of the United States.

3. Although defendants are under no duty to enter into collective bargaining agreements or other contracts with Local 660 or with the individual plaintiffs, the individual plaintiffs are nevertheless entitled to equal treatment with respect to the payroll deductions they request. (Desire to discourage municipal labor organizations including Local 660 would of course be an impermissible reason for refusing to withhold moneys from the paychecks of the individual plaintiffs.)

4. The defendants have offered no reasonable alternatives to their absolute refusal, such as establishing reasonable regulations dealing with withholding to be applied to all persons seeking such administrative assistance.

5. North Carolina General Statutes § 95–98, cited by the defendants as authority prohibiting the requested relief, does not apply to this case; no contracts or agreements are contemplated between defendants and Local 660.

6. The motions of the defendants to dismiss with respect to Local 660 should be granted since the Fourteenth Amendment as cited above applies, under the facts of this case, primarily to the individual plaintiffs.

### ORDER

It is, therefore, ordered:

1. The motion to amend the complaint and the motion to substitute parties filed by the plaintiffs on July 3, 1974, are allowed.

2. The motions of the defendants to dismiss with respect to the plaintiff Union are allowed. All other motions of the defendants are denied.

3. The motion of the individual plaintiffs for summary judgment is granted.

4. So long as the defendants continue, without clearly stated and fair standards, to withhold moneys from the paychecks of City employees for other purposes, organizations and entities not specifi-

cally required by law, the defendants, their agents, successors, employees and any persons acting in concert with the defendants or at their direction are enjoined from refusing to withhold moneys from the paychecks of the individual plaintiffs to be paid to Local 660.